# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-1716V
Filed: May 24, 2018

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * * | | |
| JEANETTE KUHL, on behalf of E.K., Minor Vaccinee, | * * * | UNPUBLISHED RULING |
| Petitioner, | * * | Chief Special Master Nora Beth Dorsey |
| v. | * * | Compensation Under the Vaccine |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | Program; Offset; Section 15(g); Claim of Subrogation by Private Health Care Insurance; Section 15(h); |
| Respondent. | * * | Special Processing Unit ("SPU") |
| * * * * * * * * * * * * * * * * * * * * * * * * * * | | |

<u>Terry Allen Dawes</u>, McKeen & Associates, Detroit, MI, for petitioner.
<u>Amy Paula Kokot</u>, U.S. Department of Justice, Washington, DC, for respondent.

## RULING ON PRIVATE HEALTH CARE INSURANCE OFFSET[1]

At a May 23, 2018 telephonic status conference, counsel for the parties discussed the need for a ruling concerning how §§ 15(g) and (h) of the National Childhood Vaccine Injury Compensation Program [the "Vaccine Act" or "Program"][2] pertains to the present case.  Order, ECF No. 34.  Petitioner has been contacted by a representative of her health care insurer, Mr. Phillip Churchill Jr., Assistant General Counsel with Blue Cross Blue Shield of Michigan, regarding recoupment of benefits under a right of subrogation set forth in the insurance policy.  Thus, petitioner seeks to clarify whether her health care insurer is entitled to reimbursement of benefits that it has paid if petitioner recovers monies in her Vaccine case.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002 § 205, 44 U.S.C. § 3501 (2006).  In accordance with the Vaccine Rules, each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted ruling.  If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be redacted from public access.

[2] The National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 <u>et seq</u>. Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

Under the Vaccine Program, a petitioner may recover actual and projected unreimbursable expenses, lost wages, and pain and suffering, and an award of $250,000 if the injury resulted in death. §15(a); see also Helman v. Sec'y of Health & Human Servs., No. 10-813V, 2014 WL 3589564, at *1 (Fed. Cl. Spec. Mstr. June 24 2014) (citing Bruesewitz v. Wyeth, LLC, 131 S.Ct. 1068, 1074 (2011)).

This compensation is then limited by subsequent sections. Punitive and exemplary damages are prohibited, and for unreimbursable expenses and pain and suffering, compensation may be provided only for the "health, education, or welfare of the person who suffered the vaccine-related injury." §15(d).

Additionally, compensation is offset by amounts paid or expected to be paid under an insurance policy and certain State or Federal programs. §15(g).[3] Thus, the Vaccine Act is a secondary payer to petitioner's health care insurance. Any award paid to petitioner would not include amounts paid or expected to be paid under his health care insurance policy.

Moreover, the Vaccine Act prohibits any health insurance policy from "mak[ing] payment of benefits under the policy secondary to the payment of compensation under the Program." Therefore, the plain language of the Vaccine Act does not authorize reimbursement of the benefits paid under petitioner's health care insurance policy. §15(h).

The Secretary of Health and Human Services has conceded that E.K. is entitled to an award of damages under the Vaccine Act. Kuhl on Behalf of E.K. v. Sec'y of Health & Human Servs., No. 16-1716V, 2017 WL 7513293 (Fed. Cl. Spec. Mstr. Sept. 19, 2017). **I rule that pursuant to the Vaccine Act, petitioner's insurer is prohibited from recouping any payments made for treatment in connection with E.K.'s vaccine injury from petitioner's forthcoming damages award.**

**IT IS SO ORDERED.**

                                              **s/Nora Beth Dorsey**
                                              Nora Beth Dorsey
                                              Chief Special Master

---

[3]    Section 15(g) states:

> Payment of compensation under the Program shall not be made for any item or service to the extent that payment has been made, or can reasonably be expected to be made, with respect to such item or service (1) under any State compensation program, under an insurance policy, or under any Federal or State health benefits program (other than under title XIX of the Social Security Act [42 U.S.C. 1396 et seq.]), or (2) by an entity which provides health services on a prepaid basis.