# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 16-1716V
Filed: August 6, 2018
UNPUBLISHED

| | |
|---|---|
| JEANETTE KUHL, on behalf of E.K., minor vacinee,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                Respondent. | Special Processing Unit (SPU); Damages Decision Based on Proffer; Rotavirus Vaccine; Intussusception |

*Terry Allen Dawes, McKeen & Associates, Detroit, MI, for petitioner.*
*Amy Paula Kokot, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

      On December 29, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that that E.K.'s receipt of a rotavirus vaccine on or about October 28, 2015, caused him to suffer intussusception.[3] Petition at 1-2. The case was assigned to the Special Processing Unit of the Office of Special Masters.

      On September 19, 2017, a ruling on entitlement was issued, finding petitioner entitled to compensation for E.K.'s intussusception injury. On August 3, 2018, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] E.K.'s vaccination record lists an administration date of October 29, 2015. *See, e.g.*, Petitioner's Exhibit ("Pet. Ex.") 5 at 2, 17.

should be awarded $50,000.00.  Proffer at 2.  In the Proffer, respondent represented that petitioner agrees with the proffered award.  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $50,000.00 in the form of a check payable to petitioner, Jeanette Kuhl, as guardian/conservator of E.K.**  This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|  |  |  |
|---|---|---|
| JEANETTE KUHL, on behalf of E.K., a Minor, | ) ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) ) | No. 16-1716V **(ECF)** Chief Special Master Dorsey |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) ) ) | |
| Respondent. | ) ) ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.    Compensation for Vaccine Injury-Related Items**

On September 19, 2017, respondent filed his Rule 4(c) Report conceding entitlement in the above-captioned case. That same day, Chief Special Master Dorsey issued a Ruling on Entitlement finding that petitioner was entitled to a presumption of causation. Specifically, petitioner's son, E.K., suffered from intussusception that met the criteria of the Vaccine Injury Table. E.K.'s intussusception manifested between one and twenty-one days after his receipt of the second dose of the rotavirus vaccine, and there is not preponderant evidence that his condition was due to a factor unrelated to the vaccine. Moreover, E.K.'s intussusception "resulted in inpatient hospitalization and surgical intervention." *See* 42 U.S.C. § 300aa-11(c)(1)(D)(iii).

Based on the evidence of record, respondent proffers that E.K. should be awarded $50,000.00, which is based entirely on pain and suffering. This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II.     Form of the Award

Respondent recommends that the compensation provided to petitioner be made through a lump sum payment of **$50,000.00**, representing compensation for pain and suffering, in the form of a check payable to petitioner as guardian/conservator of E.K., for the benefit of E.K.  No payment shall be made until petitioner provides respondent with documentation establishing that she has been appointed as guardian/conservator of E.K.'s estate.  If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of the estate of E.K., any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator of the estate of E.K. upon submission of written documentation of such appointment to the Secretary.[1]  Petitioner agrees.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

---

[1]     Should E.K. die prior to the entry of judgment, respondent reserves the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

3

                                                       s/Amy P. Kokot  
                                                       AMY P. KOKOT  
                                                       Trial Attorney  
                                                       Torts Branch, Civil Division  
                                                       U.S. Department of Justice  
                                                       P.O. Box 146  
                                                       Ben Franklin Station  
                                                       Washington, DC 20044-0146  
                                                       Tel:    (202) 616-4118  

Dated:       August 3, 2018