<span style="color:red">**Corrected**</span>

# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
(Filed:  April 13, 2021)

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| JEANETTE KUHL *on behalf of* | * | |
| E.K., *minor vaccinee,* | * | UNPUBLISHED |
|  | * | No. 16-1716V |
| Petitioner, | * | |
|  | * | Special Master Dorsey |
| v. | * | |
|  | * | Attorneys' Fees and Costs |
|  | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
|  | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

Terry A. Dawes, McKeen & Associates, Detroit, MI, for petitioner.
Amy P. Kokot, U.S. Department of Justice, Washington, D.C., for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On December 29, 2016, Jeanette Kuhl ("petitioner") filed a petition for compensation on behalf of her minor child, E.K., under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] ("Vaccine Act"). Petitioner alleged that E.K.'s receipt of a rotavirus vaccine on or about October 28, 2015, caused him to suffer intussusception. On September 19, 2017, the undersigned issued a decision finding that petitioner was entitled to compensation. On August 3, 2018, the parties filed a proffer, which the undersigned adopted as her decision awarding compensation on October 6, 2018. (ECF No. 41).

---

[1] This Decision will be posted on the website of the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012). **This means the Decision will be available to anyone with access to the internet.** As provided by 44 U.S.C. § 300aa-12(d)(4)B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, Under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical filed or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise the whole decision will be available to the public in its current form. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act").  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. §§ 300aa.

On July 29, 2020, petitioner filed an application for final attorneys' fees and costs. Motion for Attorney Fees and Costs (ECF No. 76). Petitioner requests compensation in the amount of $11,992.75, representing $9,657.75 in attorneys' fees and $2,265.00 in costs. Fees App. at 1. Pursuant to General Order No. 9, petitioner warrants that she has not personally incurred any costs in pursuit of her claim for compensation. Id. Respondent filed his response on August 3, 2020, indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 77). Petitioner filed a supplement to her fees motion on January 28, 2021. (ECF No. 81). The matter is now ripe for disposition.

For the reasons discussed below, the undersigned GRANTS petitioner's motion and awards a total of $11,874.20.

**I.    Discussion**

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. at §15(e)(1).  In this case, because petitioner was awarded compensation pursuant to a proffer, she is entitled to a final award of reasonable attorneys' fees and costs.

**a.  Reasonable Attorneys' Fees**

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health and Human Servs., 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton v. Sec'y of Health and Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522.  Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

2

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health and Human Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991) rev'd on other grounds and aff'd in relevant part, 988 F. 2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests … [v]accine program special masters are also entitled to use their prior experience in reviewing fee application." Saxton, 3 F. 3d at 1521.

### i. Reasonable Hourly Rates

Petitioner requests that her attorney, Mr. Terry Dawes, be compensated at $300.00 per hour for all work performed in the instant case. Mr. Dawes has been licensed to practice law since 1993, giving him approximately 23 years of legal experience when be began work on this case in 2016. Upon review, the undersigned finds these rates to be reasonable for Mr. Dawes and shall award them herein.

### ii. Reasonable Hours Expended

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. See Florence v. Sec'y of Health & Human Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Human Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez, 2009 WL 2568468. Petitioner bears the burden of documenting the fees and costs claimed. Id. at *8.

The overall hours spent on this matter appear to be reasonable. The undersigned has reviewed the billing entries and finds that they adequately describe the work done on the case and the amount of time spent on that work. None of the entries appear objectionable, nor has respondent identified any entries as objectionable. Accordingly, petitioner is entitled to a final award of attorneys' fees in the amount of $9,657.75.

### b. Attorneys' Costs

Petitioner requests a total of $2,265.00 in attorneys' costs. This amount is comprised of acquiring medical records, copying/printing/faxing/scanning expenses, and work performed by petitioner's guardianship attorney. Overall, the undersigned has reviewed the requested costs and finds them to be largely reasonable and supported with appropriate documentation. However, the costs associated with printing and faxing must be reduced. The records indicate that these tasks were billed at a rate of $0.25 per page. (ECF No. 81 Ex. 2). However, the Vaccine Program does

not compensate for the faxing/scanning of documents, as there is no actual cost incurred by these activities beyond the wear and tear on the office fax machine, which is more properly categorized as office overhead. Bourche v. Sec'y of Health & Human Servs., No. 15-232V, 2017 WL 2480936, at *5 n.5 (Fed. Cl. Spec. Mstr. May 11, 2017). Additionally, photocopies have typically been reimbursed at a rate of $0.20 per page. Haynes v. Sec'y of Health & Human Servs., No. 17-365V, 2020 WL 2500131, at *3 (Fed. Cl. Spec. Mstr. Apr. 21, 2020).

To account for these issues, the undersigned will therefore reduce the final award of attorneys' costs by $48.55. Petitioner is therefore awarded final costs of $2,216.45.

## II.   Conclusion

Based on all of the above, the undersigned finds that it is reasonable compensate petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $9,657.75 |
| (Total Reduction from Billing Hours) | - |
| **Total Attorneys' Fees Awarded** | **$9,657.75** |
| | |
| Attorneys' Costs Requested | $2,265.00 |
| (Reduction of Costs) | - ($48.55) |
| **Total Attorneys' Costs Awarded** | **$2,216.45** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$11,874.20** |

**Accordingly, the undersigned awards $11,874.20 in attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Mr. Terry Dawes.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[3]

   **IT IS SO ORDERED.**

                                                                s/Nora Beth Dorsey
                                                                Nora Beth Dorsey
                                                                Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.